**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| Calvin Flemmings, | : |
| | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| | : |
| Insurex, Inc., | : |
| | : |
| | : |
| Defendant. | : |
| | : |

## COMPLAINT

For this Complaint, the Plaintiff, Calvin Flemmings, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by

the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant

transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3.      Plaintiff Calvin Flemmings (hereafter "Plaintiff"), is an adult individual whose residence

is in Upper Marlboro, MD, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant, Insurex, Inc., (hereinafter "Defendant"), is a Texas business with an address of 1880 S. Dairy Ashford St., Ste 125, Houston, TX 77077-4759 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.      The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6.      Plaintiff allegedly incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.      Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8.      The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9.      The debt arose out an account the Plaintiff had with USAA Insurance.

10.     The Defendant first contacted the Plaintiff in January, 2009.

11.     The Defendant made repeated phone calls to the Plaintiff including more than forty-three (43) calls in one week and calls before 9:00 a.m.

12.     The Defendant disclosed to a third party they were trying to collect a debt from the Plaintiff by way of an answering machine message which was heard at the time of call.

13.     The Defendant left messages on the Plaintiff's answering machine without disclosing who they were.

2

14.     The Defendant spoke with the Plaintiff's sister and disclosed they were attempting to collect a debt from the Plaintiff.

15.     The Defendant threatened to contact the Plaintiff's employer in regards to the debt.

16.     The Plaintiff disputed the debt in writing, but the Defendant failed to properly verify the debt.

17.     The Defendant failed to send the Plaintiff a validation of the debt within five days of first contacting him.

18.     The Defendant threatened to contact the DMV to suspend the Plaintiff's driver's license if he did not immediately agree to pay the alleged debt.

19.     The Defendant used threatening and abusive language when communicating with the Plaintiff.

20.     The Defendant continued to call the Plaintiff after the Plaintiff sent a cease and desist communication letter.

21.     The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

22.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendant contacted third parties and failed to identify themselves and further failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

24.     The Defendant informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

25.     The Defendant contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

26.     The Defendant contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

27.     The Defendant contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m., in violation of 15 U.S.C. § 1692c(a)(1).

28.     The Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

29.     The Defendant contacted the Plaintiff after having received written notification from the Plaintiff to cease communication, in violation of 15 U.S.C. § 1692c(c).

30.     The Defendant used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

31.     The Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

4

32.     The Defendant placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

33.     The Defendant misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

34.     The Defendant threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

35.     The Defendant threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

36.     The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

37.     The Defendant attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

38.     The Defendant failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

39.     The Defendant failed to send the Plaintiff a validation notice stating the name of the creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

40.     The Defendant failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

41.     The Defendant failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

42.     The Defendant failed to state that they would provide the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

43.     The Defendant continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

44.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

45.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
### VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
### MD. CODE COMM. LAW § 14-201, *et seq.*

46.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47.     The Defendant is a "collector" as defined under MD. Code Comm. Law § 14-201(b).

48.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

49.     The Defendant repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

50.     The Defendant attempted to claim and enforce a right which the Defendant did not have a legal right to enforce or claim, in violation of MD. Code Comm. Law § 14-202(8).

51.     The Plaintiff suffered emotional distress and mental anguish as a result of the Defendant's repeated contact.

52.     The Plaintiff is entitled to damages proximately caused by the Defendant's violations.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

53.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

55.     Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Maryland state law.

56.     Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls and by threatening to suspend the Plaintiff's driver's license.

57.     The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to [his] existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

58.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

59.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

60.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4.  Actual damages pursuant to MD. Code Comm. Law § 14-203;

5.  Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

6. Punitive damage; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 8, 2009

Respectfully submitted,

By  /s/ Forrest E. Mays

Forrest E. Mays (Bar No. 07510)
2341 N Forrest Drive, Suite 90
Annapolis, MD  21403
Telephone: (410) 267-6297
Facsimile: (410) 267-6234
Email: mayslaw@mac.com
MD Bar No. 07510


Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666

9